## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 3:19-cr-19-HES-JBT

JOANNA ARLEAN TUKES                             ORDER ON MOTION FOR
                                                SENTENCE REDUCTION UNDER
                                                18 U.S.C. § 3582(c)(1)(A)

---

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

　　☒ FACTORS CONSIDERED

Defendant Joanna Arlean Tukes is a 50-year-old inmate incarcerated at Aliceville FCI, serving a 30-month term of imprisonment for aiding and abetting the filing of a false tax return. (Doc. 41, Judgment). According to the Bureau of Prisons (BOP), she is scheduled to be released from prison on July 2, 2022. Defendant seeks compassionate release because of the Covid-19 pandemic, the conditions at Aliceville FCI, and because she claims to suffer from high blood pressure that cannot be controlled by medication. (Doc. 43, Motion for Compassionate Release). The United States has responded in opposition. (Doc. 45, Response; Doc. 45-1, Medical Records).

A movant for compassionate release bears the burden of proving that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, No. 20–12023, 2021 WL 745262, at *2 (11th Cir. Mar. 2, 2021) (published). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. Defendant's medical records reflect that she suffers from essential primary hypertension and osteoarthritis of the knee. (Doc. 45-1, BOP Medical Records at 9). According to the Centers for Disease Control (CDC), those who have high blood

pressure <u>might</u> be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that the CDC confirms increase the risk of severe infection.[1]  Although Defendant contends that her blood pressure cannot be controlled by medication, the record does not support that assertion. Defendant is currently prescribed losartan potassium tablets, metoprolol tartrate, and amlodipine to treat her hypertension. (Doc. 45-1 at 2, 4–6). The Court was somewhat concerned about records submitted by Defendant which indicated that, between April 20, 2020 and August 21, 2020, her blood pressure measured between 157/92 and 217/115. (<u>See</u> Doc. 44; Doc. 43-1 at 13–18). However, more recent records reflect that her blood pressure has improved, with six more recent measurements (taken between September 3, 2020 and November 20, 2020) averaging 148/94 (ranging from 134/88 to 173/115). (<u>See</u> Doc. 45 at 7; Doc. 45-1 at 12, 14, 18, 25, 29, 33). Indeed, on November 20, 2020, Defendant's blood pressure fell from 173/115 to 134/88 upon a recheck after she was given her blood pressure medication, indicating the effectiveness of her prescriptions. Thus, the record reflects that her blood pressure can be controlled by medication – and it is controlled when she is compliant.[2]

Defendant also asserts that officials at Aliceville FCI are unable to control the spread of coronavirus, that the facility is a "death trap," and that the facility does not

---

[1]    https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The CDC does not identify osteoarthritis or joint pain as a risk factor for severe infection.

[2]    As the United States points out, the record indicates that Defendant has periodically failed or refused to comply with her medication regimen. (Doc. 45 at 7 n.3; Doc. 45-1 at 2, 21, 41).

provide adequate healthcare. The evidence does not support these assertions. Prisons are inherently difficult environments in which to control the spread of infectious diseases. As such, most BOP facilities have experienced an outbreak of Covid-19 to some extent. But the state of affairs at Aliceville FCI is not exceptional compared to other prisons. According to the BOP's latest data, only one inmate and eight staff members are positive for coronavirus; 102 inmates and nine staff members have recovered; and not one inmate (out of 1,245 total prisoners) has died.[3] That Aliceville FCI has seen inmates and staff infected with Covid-19, alone or in combination with Defendant's hypertension, is not an "extraordinary and compelling" reason for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).[4] Moreover, Defendant's medical records reflect that, contrary to her allegations, her facility is attentive to her medical needs. The records show that medical staff have examined Defendant as needed and adjusted her medications as appropriate. Thus, the Court does not perceive a deficiency in the adequacy of Defendant's healthcare that rises to the level of an extraordinary and compelling circumstance.[5]

---

[3]    https://www.bop.gov/coronavirus/. Last accessed March 25, 2021. To the extent Defendant claims that prison conditions violate the Eighth Amendment, such a complaint should be brought in the district of confinement.

[4]    The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had discretion to identify extraordinary and compelling reasons.

[5]    Defendant cites one occasion on November 18, 2020, when she claims she received the wrong medication at the pill line. (Doc. 43-1 at 1–6). This incident does not warrant a sentence reduction under § 3582(c)(1)(A).

4

Finally, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A). Defendant has served less than one year of her 30-month prison sentence, having only entered custody on April 20, 2020.[6] Releasing Defendant from prison after serving roughly 11 months of her sentence would fail to reflect the seriousness of the offense, promote respect for the law, or afford adequate deterrence. In view of all the § 3553(a) factors, a sentence reduction is not warranted at this time.

Accordingly, Defendant Joanna Arlean Tukes's Motion for Compassionate Release (Doc. 43) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of March, 2021.

HARVEY E. SCHLESINGER
United States District Judge

lc 19
Copies:
Counsel of record
Defendant

---

[6]  Defendant was arrested on February 13, 2019 but was released that same day on an unsecured bond. (Doc. 38, PSR at p. 1). The Court ordered Defendant to self-report to BOP on April 20, 2020. (Doc. 41 at 2).

5